**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6597**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH JEROME WILEY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:20-cr-00136-CCE-1; 1:23-cv-00900-CCE)

---

Submitted:  December 18, 2025                    Decided:  December 23, 2025

---

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Kenneth Jerome Wiley, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Jerome Wiley seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). The appeal period commences when the district court enters a separate judgment implementing its dismissal order, or 150 days after entry of its dismissal order, whichever is earlier. Fed. R. Civ. P. 58(c)(2).

The district court entered its order on September 26, 2024. Because the district court did not enter a separate judgment, the appeal period began to run on February 23, 2025. It expired on April 24, 2025. Wiley filed the notice of appeal on July 15, 2025.[*] Because Wiley failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Wiley could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*